UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80800-CIV-MARRA/MATTHEWMAN

TIMOTHY A. MONTY,

Plaintiff,

vs.

WELTMAN WEINBERG & REIS CO., LPA,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss (DE 9). Plaintiff has filed a response (DE 10). The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Timothy A. Monty ("Plaintiff") brings this two-count Complaint (DE 1) against Defendant Weltman Weinberg & Reis Co., LPA ("Defendant") for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (count one) and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55 et seq. (count two).

According to the allegations of the Complaint, Plaintiff is a consumer allegedly obligated to pay a debt due a creditor other than Defendant. (Compl. ¶ 5.) Defendant is in the debt collection business. (Compl. ¶ 8.)

Beginning in approximately early 2013 and continuing through at least July 2013, Plaintiff received multiple telephone calls per week on his home telephone at phone number (561) XXX-9658 from Defendant with regard to an alleged debt that Defendant was trying to

collect from Plaintiff. The telephone calls resulted in numerous messages being left on Plaintiff's home answering machine. The messages were automated, almost all materially identical, and stated as follows:

> This is a message for Timothy A. Monty. If we have reached the wrong number for this person, please call us at 877-204-2066 to remove your phone number. If you are not Timothy A. Monty, please hang up. If you are Timothy A. Monty, please continue to listen to this message.
>
> Timothy A. Monty – you should not listen to this message so that other people can here it as it contains personal and private information.
>
> This is Weltman Weinberg & Reis Company, LPA. This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact us about an important business matter at 1-800-237-9822. Thank you.

(Compl. ¶ 10.)

Plaintiff estimates he received at least 200 calls from Defendant between January 2013 and July 2013. (Compl. ¶ 11.) During this same time period, Defendant repeatedly called an acquaintance of Plaintiff at phone number (561) XXX-6999 (the "Third Party"), and left, on the Third Party's answering machine, materially identical messages to the above message, disclosing the existence of Plaintiff's alleged debt. The Third Party also received automated calls from Defendant where, upon answering his phone, he was greeted with the above message, disclosing the existence of Plaintiff's alleged debt. (Compl. ¶ 12.) The Third Party estimates that he received at least 15 of those calls from Defendant between approximately January 2013 and July 2013. (Compl. ¶ 13.) Defendant did not have the prior consent of Plaintiff, or the express permission of a court of competent jurisdiction, to communicate with the Third Party concerning the alleged debt. (Compl. ¶ 14.) The Third Party was not Plaintiff's attorney, was not a consumer reporting agency, was not the alleged creditor, was not the attorney of the alleged creditor, and was not the attorney of

Defendant. (Compl. ¶ 15.)

Defendant moves to dismiss the Complaint on the basis that the Complaint fails to identify properly the Third Party or state the Third Party is an improper third party under the FDCPA. In addition, Defendant contends the Complaint did not allege the telephone calls were harassing to constitute a valid claim under the FCCPA.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

The Court begins its analysis by setting forth the elements of a prima case for a violation of the FDCPA.  In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).  Here, the Complaint alleges Plaintiff is a consumer who allegedly owes a consumer debt and, in the course of collecting that debt, Defendant allegedly disclosed the existence of Plaintiff's debt to a third-party acquaintance without Plaintiff's consent.  (Compl. ¶¶ 5, 8, 12, 14.)  Based on these allegations, Plaintiff has established a valid claim under the FDCPA.

The Court rejects Defendant's argument that Plaintiff's failure to identify specifically the third-party or to state that the third-party was not Plaintiff's spouse, parent, guardian, executor or administrator is fatal to the claim.  See 15 U.S.C. § 1692c(b) and (d).  At the pleading stage, it is adequate for the Complaint to state a third-party was contacted without prior consent or express permission. (Compl. ¶¶ 12, 14-15.)   The cases relied upon by Defendant are unavailing because those occurred at the summary judgment stage wherein those courts found evidence was needed to identify which third party was contacted.[1]   See Jackson v. Midland Funding, LLC, No. 09–6028 (DMC–JAD), 2012 WL 2369398, at * 5 (D.N.J. June 20, 2012); Zamos v. Asset Acceptance, LLC,

---

[1] Equally unavailing is Defendant's claim that it was not responsible for wrongdoing because the Third-Party was told to hang up and not listen to the message.  See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010) (the FDCPA is "described by some as a strict liability statute")

4

423 F. Supp. 2d 777, 782 (N.D. Ohio 2006).

Next, the Court rejects Defendant's contention that the FCCPA claim should be dismissed because there are no allegations that it violated the prohibition on abusive or harassing telephone calls in violation of Florida Statute § 559.72(7).  That provision states "in collecting consumer debts, no person shall . . . [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  Florida Statute § 559.72(7).  The Complaint alleges the following:

> By repeatedly contacting the Third Party and disclosing the existence of the debt allegedly owed by Plaintiff, and by calling Plaintiff over 200 times during a period of approximately seven months, including on weekends and holidays, Defendant willfully engaged in conduct that harassed and abused Plaintiff.

(Compl. ¶ 24.)

Based on the facts pled, Plaintiff has stated a claim for relief. Indeed, at this point in the proceedings, there is a question of fact as to whether the number of phone calls and the content of the telephone calls would constitute harassment under the FCCPA.  Ortiz v. Accounts Receivable Management, Inc., No. 09–80124–CIV, 2010 WL 547910, at * 3 (S.D. Fla. Feb. 12, 2010) (citing Pollock v. Bay Area Credit Svc., LLC, No. 08–61101–Civ, 2009 WL 2475167, at * 9 (S.D. Fla. Aug.13, 2009) (factual question whether 187 telephone calls were willful and harassing); Scott v. Florida Health Sciences Ctr., Inc., No. 8:08–cv–1270–T–24–EAJ, 2008 WL 4613083, at * 4 (M.D. Fla. Oct.16, 2008) (nineteen attempts to collect debt could be considered harassing when the plaintiff communicated to the defendant multiple times that the debt had been settled); Segal v. National

5

Action Financial Svcs., Inc., No. 8:04 CV 2388 T 30MAP, 2006 WL 449176, at * 8 (M.D. Fla. Feb.22, 2006) (genuine issues of material fact as to whether telephone calls were harassment based on number and frequency of calls during year and a half period)).

For the foregoing reasons, the Court denies the motion to dismiss.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 9) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 11th day of December, 2013.

_____
KENNETH A. MARRA
United States District Judge